UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

EARL FORSYTHE,

        Plaintiff,

  -against-                                    08 Civ. 10151 (CM)(FM)

NEW YORK CITY DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES,
et al.,

        Defendants.

---------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/09

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
WITHDRAW WITHOUT PREJUDICE THE CLAIMS ASSERTED IN THE
AMENDED COMPLAINT; STRIKING THE AMENDED COMPLAINT;
DISMISSING THIS ACTION WITHOUT PREJUDICE AGAINST DEFENDANTS
LOCAL 32BJ SEIU, ALLIED INTERNATIONAL UNION AND ALLIED BARTON
SECURITY SERVICES; AND DENYING THE MOTION OF THE CITY OF NEW
YORK DEPARTMENT OF ADMINISTRATIVE SERVICES TO DISMISS THE
COMPLAINT

McMahon, J.:

      The original complaint in this pro se action was filed by a security guard named Earl Forsythe. Mr. Forsythe, an African American male, is 51 years old. He alleges that he presently works for defendant Allied Barton Security Services. Prior to that, he worked for TriStar Patrol Services Inc. Allied Barton allegedly took over the contract that TriStar had in Decemer 2006 (Cplt. ¶ 7[1]).

      While employed by these private security services, plaintiff was assigned to One Centre Street, which is the New York City Municipal Building. He alleges that his performance was satisfactory. (Cplt. ¶¶ 1-2)

      According to the complaint, around November 2005, an employee of the New York City Department of Administrative Services, one Dan Kim, began to question plaintiff about his job

---

[1] All references in this order are to the original complaint, Docket #1, which was filed on November 21, 2008. As will be seen, the court is (at plaintiff's request) striking plaintiff's amended complaint, so the operative pleading is the one found at Docket #1.

Copies mailed/faxed/handed to counsel on 4/6/09

performance and indicated that he wanted plaintiff "out of One Center Street." (Cplt. ¶ 2) Kim was a former employee of TriStar, who was hired by the City in 2004 or 2005 (Cplt. ¶ 5). Plaintiff's supervisor changed his post, but Kim continued to complain about his presence at the Municipal Building, and eventually plaintiff was transferred to a Department of Transportation facility in Queens. (Cplt. ¶¶ 3-4). The transfer was ordered by Jeff Bermudez, a Field Manager at TriStar. He was replaced at One Centre by a Hispanic male named Edward. (Cplt. ¶ 4).

Plaintiff contends that Mr. Kim "is racist towards African American security officers." (Cplt. ¶ 6).

Plaintiff obtained a right to sue letter from the EEOC dated September 30, 2008, folllowing an administrative determination of no probable cause. The respondent on plaintiff's EEOC complaint is the New York City Department of Administrative Services.

Plaintiff asked for and was granted leave to amend his complaint to add Allied Barton and Local 32 BJ, the local of his union (Service Employees International Union, or SEIU). The amended complaint – a substantial document – appears in the file. It appears that all the claims asserted against those defendants are in the nature of ERISA claims, as they concern coverage under benefit plans and the payment of medical bills for plaintiff's son.

This case was recently conferenced, and all of the defendants indicated that they intended to make motions to dismiss the complaint. The court has already received such a motion, made on behalf of the New York City Department of Citywide Administrative Services.

Plaintiff has sent the court a letter. The letter asks for an extension of time to respond to the City's motion. I would have granted that request, but I have now received a copy of an Affirmation in Opposition to the City's Motion. In both his original letter an in his Affirmation, plaintiff asks, in effect, for permission to "un-amend" his complaint and return to his original pleading, which alleged just one thing – employment discrimination – against just one defendant – the City. After the conference, plaintiff apparently came to understand that ERISA claims are entirely distinct from employment discrimination claims. He now wishes to withdraw all the benefits claims he added to the complaint in January, and to discontinue this action against all defendants he added in January. To be precise, Mr. Forsythe says (in his letter), "I don't mind if Local 32BJ, SEIU, Allied International Union and Allied Barton Security Services dismiss the ERISA 502 case. I'm still suing the New York City Dept. of Citywide Administrative Services." In his affirmation in opposition to the motion to dismiss, plaintiff makes clear what he wants to do, "I want to go back to employment discrimination against DCAS." He asks for leave to amend his complaint yet again in order to bring this about.

There is no need for plaintiff to amend his pleading yet again. I am ordering that plaintiff's original complaint be reinstated as the complaint in this action and am deeming his amended complaint withdrawn. The withdrawal of the allegations added to the Amended Complaint is without prejudice, as none of the newly added defendants has yet answered those allegations. I have asked my Senior Law Clerk to tell counsel for defendants Allied Barton Security Services, Allied International Union and Local 32BJ to suspend work on their motions to dismiss the

Amended Complaint. It is the court's fond hope that the plaintiff, his employer and his union are able to deal with his benefits claims, and that the former defendants can direct plaintiff to the correct entity that handles such claims.

For these reasons, the amended complaint (Docket # 7) withdrawn and reinstating the original complaint (Docket # 1). This effectively grants Plaintiff's wish that we "go[] back" to where we were originally.

Now on to the City's motion to dismiss the Amended Complaint. I am deeming it a motion to dismiss the original complaint. To the extent that the motion as filed seeks dismissal of plaintiff's ERISA claims, it is now moot, because plaintiff has discontinued all his ERISA claims and the Amended Complaint has been stricken.

This City's motion to dismiss the Title VII employment discrimination claim against DCAS must be denied – although the City may well be correct that it is not a proper party defendant on such a claim.

In the original complaint (which is now the operative pleading), as well as in statements made by plaintiff at the Rule 16 conference, plaintiff admits that he (1) is presently employed by Allied Barton, and (2) was employed by TriStar until Allied Barton took over the contract to provide security guards to the City in December 2006. The fair inference from plaintiff's allegations is that the City sub-contracted with TriStar, and later with Allied Barton, to provide security services for municipal facilities. Plaintiff's discrimination complaint concerns his belief that he was transferred from his post at One Centre Street to a post in Queens because of racial bias on the part of Dan Kim, an employee of New York City. I understand that Mr. Kim is now the Deputy Director of Security for DCAS .

The record is thus quite clear that Mr. Forsythe is not employed by the New York City Department of Administrative Services, nor was he ever employed by that agency during any relevant time period. Rather, he is employed by a private company that subcontracts with DCAS.

A Title VII action may be maintained only against a plaintiff's "employer." 42 U.S.C. § 2000e-2(a). Plaintiff's own allegations indicate that DCAS was not his "employer."

The fact that plaintiff's actual employer is under contract to provide services to the City of New York (through DCAS), and that plaintiff is among the guards assigned to provide those services, does not transform DCAS or the City into plaintiff's "employer." The fact is, Mr. Forsythe is employed by a private security agency (formerly TriStar, now Allied Barton). Therefore, it would appear at first blush that plaintiff's claim against DCAS should be dismissed.

However, a court must scrutinize a pro se complaint carefully and bend over backward to see whether any possible claim has been alleged. In its brief, counsel for DCAS suggests that plaintiff's complaint might be construed as suggesting that DCAS or the City was a "joint employer" with the subcontracting firms.

A joint employer relationship exists "where there is sufficient evidence that [one entity] had immediate control over another company's employees." N.L.R.B. v. Solid Waste Services, Inc., 38 F. 3d 93, 94 (2d Cir. 1994). In analyzing whether two entities are "joint employers" of a plaintiff, courts consider commonality of hiring, firing, discipline, pay insurance, records, supervision and participation in the collective bargaining process.

Clearly, plaintiff has alleged enough to preclude dismissal of his complaint under a joint employer theory. Reading generously, he alleges that a City employee forced him to be transferred from one post to another. While the City argues that such a lateral transfer is not an "adverse employment action" or one that materially affects the "terms and conditions" of plaintiff's employment, the United States Supreme Court has recently indicated that this is not necessarily the case. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). The court can understand why a security guard might find a posting at the New York City Municipal Building to be better or more advantageous than one at a DoT facility in Queens. This issue would have to be explored more fully.

The City asserts that the allegations of plaintiff's complaint preclude any suggestion of a joint employer relationship, noting that plaintiff admits that Jeff Bermudez, who was a Field Manager of TriStar, effected the transfer from Manhattan to Queens about which plaintiff complains. (Cplt. ¶ 4) However, plaintiff also alleges that Mr. Kim, whose complaints allegedly led to the transfer, was a former employee of TriStar. One could infer that Kim was a colleague of Bermudez, and that this relationship allowed Kim to dictate whether plaintiff got to keep the Municipal Building posting.

Finally, the City attaches a copy of the Collective Bargaining Agreement applicable to plaintiff, which asserts that TriStar retains control over all its employees. Regrettably, this is a motion to dismiss pursuant to Rule 12(b)(6) and the court cannot consider the document. When the City makes its inevitable motion for summary judgment – and it will – the CBA will no doubt feature prominently (as it should).

Therefore, the City's motion to dismiss plaintiff's employment discrimination claim is denied.

Mr. Forsythe needs to understand that this ruling does not mean that he has a viable claim against DCAS. In order to prevail, he will have to prove that the City of New York, through DCAS, actually controlled the terms and conditions of his employment along with his actual employer (be that TriStar or Allied Barton). Unless he can prove this, his claim will have to be dismissed.

The court is referring this case to Magistrate Judge Frank Maas for supervision of discovery. Judge Maas can set an appropriate discovery schedule. The court also asks Judge Maas to prepare a Report and Recommendation whenever the City files a motion for summary judgment.

This constitutes the decision and order of the court.

Dated: April 6, 2009

                                                                                    U.S.D.J.

BY FIRST CLASS MAIL TO ALL PARTIES